### DAVID H. KEYES
### v.
### ELIZABETH FULLER.

1. INSTRUCTIONS—MUST BE ACCURATE.—Where the testimony is conflicting, and it is doubtful on which side the weight of evidence lies, the jury should be accurately instructed.

2. PAYMENT—EVIDENCE.—Partial payment is a defense *pro tanto*, and may be shown under a plea of payment, or non-assumpsit, and it is error to instruct the jury that the defendant under a plea of payment must show a payment of the whole debt.

3. POSSESSION OF NOTE—PRESUMPTION.—The possession by the plaintiff of a promissory note with no indorsements of payment thereon, is *prima facie* evidence that the whole amount stated in the note is due and unpaid.

4. GIVING PROMINENCE TO PARTICULAR FACTS.—The rule against singling out and giving undue prominence to particular facts, applies only when there are several facts tending to prove or disprove a given proposition.

APPEAL from the Superior Court of Cook county. The Hon. R. S. WILLIAMSON, Judge, presiding. Opinion filed January 4, 1882.

This was an action of assumpsit, brought by appellee against appellant, upon a promissory note for $5,000, made by appellant and payable to appellees' intestate, Henry Fuller. The defense was payment. On the trial in the court below, appellee recovered a verdict for $4,400, for which she had judgment. Appellant brings the case here for review.

Mr. F. A. SMITH, for appellant; that it is error in an instruction to give undue prominence to a particular fact, cited Calef v. Thomas, 81 Ill. 478; Moore v. Wright, 90 Ill. 470; Cushman v. Cogswell, 86 Ill. 62; Ill. Linen Co. v. Hough, 91 Ill. 63; Frame v. Badger, 79 Ill. 441; Hewitt v. Johnson, 72 Ill. 513; Pro. Life Ins. Co. v. Dill, 91 Ill. 174; Adams v. Smith, 58 Ill. 417; Wabash R. R. Co. v. Henks, 91 Ill. 406.

Leave to amend pleadings necessary to present an issue upon the merits is a legal right: Drake v. Drake, 83 Ill. 526; Empire Fire Ins. Co. v. Real Estate Trust Co. 1 Bradwell, 391.

Messrs. GRANT, SWIFT & BRADY, for appellee; that possession of a note by the payee unendorsed, raises a presumption that the same has not been paid, cited Somervail v. Gillirs, 31 Wis. 152; Palmer v. Nassau Bank, 78 Ill. 380; Brown v. Spofford, 95 U. S. 478; Collins v. Gilbert, 4 Otto, 753; 1 Daniels on Neg. Inst. § 812.

The burden was upon the defendant to prove payment: 1 Greenl'f's Ev. § 74; Johnson v. Breaton, 1 Bradwell, 293; Stevenson v. Marony, 29 Ill. 532; Watt v. Kirby, 15 Ill. 200; Cantrell v. Fawcett, 2 Bradwell, 569.

The jury are to judge of the weight of the testimony: Carpenter v. Ambroson, 20 Ill. 170; Paton v. Stewart, 78 Ill. 481; Clark v. Gotts, 1 Bradwell, 454.

Keyes v. Fuller.

WILSON, P. J.  The evidence in this case was very conflicting.  To show payment of the note, which was the plaintiff's only cause of action, the defendant, appellant here, introduced sundry checks drawn by him in favor of Fuller, duly indorsed by the latter, amounting, in the aggregate, to more than the amount of the note.  To rebut the inference that these checks were given on account of the indebtedness, evidenced by the note, appellee introduced checks drawn by Fuller, in favor of appellant, and by him indorsed, aggregating more than the sum of the checks drawn by appellant in favor of Fuller. There was also proof pro and con, of declaration, and admissions made respectively, by appellant and Fuller, as to the application of certain payments, and as to the amount due to Fuller.  On the part of appellant, witnesses testified to admissions of Fuller, to the effect that there was due on the note only $1,500 to $1,800.  On the other hand, witnesses for appellee testified that appellant admitted he owed the whole amount of the note, but denied that the balance due on the open account was as large as claimed by Fuller.  The money dealings between the parties seem to have been carried on in a very loose and careless way, no books of account, showing the payment and receipt of moneys having been kept between them, so far as appeared.  During part of the time while these checks were passing from one to the other, the note was lost, and when offered in evidence, no indorsements of payments appeared upon it.  There was thus an irreconcilable discrepancy in the proofs, rendering it very difficult, if not impossible, to arrive at anything like a satisfactory conclusion as to the true amount of appellant's indebtedness to Fuller.

It is a settled rule that where the testimony is conflicting, and it is doubtful on which side lies the weight of evidence, the jury should be accurately instructed, or the judgment will be reversed.  Wabash R. R. Co. v. Henks, 91 Ill. 406; Lake Shore & Mich. Sou. R. R. v. Clemens, 7 Bradwell, 77; Goodkind v. Rogan, 8 Bradwell, 413.  The plaintiff's first instruction was as follows: "The court instructs the jury that the plea and defense of payment is an affirmative issue; and the defendant in this case, in order to establish the defense of payment, is bound

to prove the fact of payment of the amount sued for, by a preponderance of all the evidence; and if the jury believe, from the evidence, that the weight or preponderance of all the evidence is not with the defendant, and in favor of his theory of payment, then the jury will find the issues for the plaintiff."

This instruction was obviously improper. By it the jury were told that unless the defendant had proved payment of the entire amount sued for, his defense had failed. Partial payment is a defense *pro tanto*, and may be shown under a plea of payment or non assumpsit. Hays v. Miller, 3 Scam. 427. The court should, therefore, have instructed the jury that if they believed the defendant had made payments on the note, though less in amount than the amount of the note, it constituted a good defense to the extent of the payments so made.

The objection to the plaintiff's second instruction is not well taken. The instruction is as follows: " That the plaintiff's possession of the note or due-bill sued on, without any endorsement of payment on the same, is *prima facie* evidence that the same has not been paid or cancelled, and the presumption arising from such possession is that the said note or due-bill has not been paid." This instruction states the rule of law correctly, and was applicable to the facts of the case. The plaintiff introduced the note in evidence, and rested. There being no endorsement of payments upon the note, and it being in the possession of the plaintiff, the presumption was that the whole amount was unpaid. 2 Whart. Ev. Tit. Presumptions. It would have been the duty of the court, if so requested by the defendant, to have further instructed that such presumption was liable to be rebutted by proof; but in the absence of such request it was not error on the part of the court to omit adding a qualification to that effect.

The rule against singling out and giving undue prominence to particular facts in an instruction, and ignoring other facts proven, has no application in the present case. That rule applies where there are several facts tending to prove or disprove a given proposition. Here the possession and putting in evidence of the note was a single undisputed fact, and constituted the plaintiff's entire case, in the first instance. Upon the fact

as thus presented the plaintiff was entitled to the ruling of the court as to the presumption of law.

For the error of the court in giving the first instruction, the judgment of the court below is reversed, and the cause remanded for a new trial.

Reversed and remanded.